John Metsker, Esq. SBN 268977
THE METSKER LAW FIRM
P.O. Box 590881
San Francisco, CA 94159
Phone: 866-342-6180
Fax: 415-500-4081
jmetsker@metskerlaw.com
*Attorney for Plaintiff.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY SLATE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 3:19-cv-00682-CLB<br><br>STIPULATION AND [PROPOSED] ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA) in the amount of FIVE THOUSAND ONE HUNDRED dollars ($5,100.00) and costs under 28 U.S.C. § 1920 in the amount of FOUR HUNDRED DOLLARS ($400.00).  These amounts represent compensation for all legal services rendered and costs incurred on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 2412(d) and 1920.

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the ability to honor the assignment will depend on whether the fees, expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses

is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to the Metsker Law Firm, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted,

Dated:  April 21, 2020          */s/ John David Metsker*
                                John David Metsker
                                Attorney for Plaintiff

                                DAVID L. ANDERSON
                                United States Attorney

Dated: April 21, 2020           /s/  Chantal R. Jenkins*
                                Chantal R. Jenkins
                                *As authorized via email on April 21. 2020*
                                Special Assistant United States Attorney
                                Attorneys for Defendant

### [PROPOSED] ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATE:    April 22, 2020        _____
                                HON. CARLA BALDWIN
                                UNITED STATES MAGISTRATE JUDGE